[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11770

Non-Argument Calendar

_____

JAMES W. TINDALL,

Petitioner,

*versus*

U.S. DEPARTMENT OF LABOR
ADMINSTRATIVE REVIEW BOARD,

Respondent.

_____

Petition for Review of a Decision of the
Department of Labor
Agency No. ARB-2022-0030

_____

Before NEWSOM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner James W. Tindall, proceeding *pro* se, seeks review of the Administrative Review Board's ("ARB") order affirming and adopting the Administrative Law Judge's ("ALJ") dismissal of an administrative complaint he brought pursuant to the anti-retaliation provision of the federal Taxpayer First Act ("TFA"), 26 U.S.C. § 7623(d).

Tindall argues to this court that the ARB acted arbitrarily and capriciously when it adopted the ALJ's factual summary as it contained incorrect definitions from the dismissal of his claims by the Occupational Safety and Health Administration ("OSHA") and as it incorrectly limited his complaint to between himself and the United States Department of the Treasury ("Treasury"). Tindall further argues that the ARB erred by recognizing the existence of federal sovereign immunity and, alternatively, by finding that it was not waived by the TFA; the "ultra vires" exception; the Administrative Procedures Act ("APA"), 5 U.S.C. § 702; or the Constitution.

For ease of reference, we will address each point in turn.

I.

The anti-retaliation provision of the TFA protects employees who have provided information or taken certain other actions

relating to an alleged underpayment of tax, tax fraud, or any violation of the internal revenue laws. 26 U.S.C. § 7623(d). Under the law, an employer cannot retaliate against such an "employee" for engaging in lawful activity protected by the TFA. 26 U.S.C. § 7623(d)(1). The TFA also allows an employee who alleges discharge or other reprisal in violation of the foregoing to file an administrative complaint with the Secretary of Labor. 26 U.S.C. 7623(d)(1), (2).

OSHA is responsible for receiving and investigating anti-retaliation complaints under the TFA. *See* Sec'y's Order No. 8-2020 (May 15, 2020), 85 Fed. Reg. 58,393 (Sept. 18, 2020); *see also* Interim Final Rule, Procedures for the Handling of Retaliation Complaints Under the Taxpayer First Act (TFA), 87 Fed. Reg. 12575 (March 7, 2022), codified at 29 C.F.R. Part 1989 (effective March 7, 2022). The ARB, in turn, is responsible for issuing final agency decisions in cases arising under the anti-retaliation provisions of TFA. *See* Sec'y's Order No. 1-2020 (Feb. 21, 2020), 85 Fed. Reg. 13,186 (Mar. 6, 2020); *see also* 29 C.F.R. 1989.110(a).

Following an OSHA determination, an aggrieved complainant may request a hearing before an ALJ. 29 C.F.R. 1989.106. The ALJ may hear the case or decide the case on a dispositive motion if appropriate. *See* 29 C.F.R. 1989.107 (incorporating the DOL ALJ rules of procedure at 29 C.F.R. Part 18). Any party who desires review of an ALJ decision, including judicial review, must appeal the ALJ's decision administratively to the ARB, and once the ARB's

decision becomes final, it may file a petition for review to a United States appellate court. *See* 29 C.F.R. 1989.109, 1989.110, 1989.112.

We review the DOL's actions in accordance with APA standards, meaning that we conduct a *de novo* review of the DOL's legal conclusions and review factual findings for substantial evidence in the agency record. *Stone & Webster Const., Inc. v. U.S. Dep't of Lab.*, 684 F.3d 1127, 1132 (11th Cir. 2012). We will only overturn the ARB's findings if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if the findings were made "without observance of procedure required by law." *Id.* (quoting 5 U.S.C. § 706(2)(A), (D)).

"[W]e may affirm on any ground that finds support in the record." *Long v. Comm'r of Internal Revenue Serv.,* 772 F.3d 670, 675 (11th Cir. 2014).

## II.

Here, we conclude from the record that Tindall's alleged factual errors are without merit. First, even if OSHA applied an incorrect definition of "employer" and "person" in its original findings, this error was corrected by the ALJ. Second, the ALJ correctly found that Tindall had brought his administrative complaint against the Treasury. While Tindall identified, in his administrative complaint, two employees of the Treasury, he did so in the context of explicitly stating that he sought assistance in investigating the "threats of retaliation by the US Department of the Treasury and the National Advocate's Office for the ongoing willful

refusal by the IRS Whistleblower Office to comply with their obligations under §7623(a)." Thus, we conclude that the ALJ acted reasonably by determining that Tindall's suit was brought against the Treasury alone, and the ARB did not act arbitrarily or capriciously in accepting the facts laid out within the ALJ's opinion. As such, we deny Tindall's petition in this respect.

III.

Sovereign immunity shields the federal government and its agencies from suit, absent a waiver of that immunity. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). "Sovereign immunity is jurisdictional," and absent a waiver of the immunity, the court lacks "jurisdiction to entertain the suit." *Id.* A waiver of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. *United States v. Nordic Vill., Inc.,* 503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014-15 (1992) (quotation marks omitted). "Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires. . . . Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government." *Davila v. Gladden,* 777 F.3d 1198, 1209 (11th Cir. 2015) (quoting *F.A.A. v. Cooper,* 566 U.S. 284, 290, 132 S. Ct. 1441, 1448 (2012)).

Under the TFA, "no employer…may…threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment…in reprisal for" engaging in a

protected whistleblower activity.  26 U.S.C. § 7623(d)(1).  Under the TFA's enforcement provision, "a person who alleges discharge or other reprisal by any person in violation of paragraph (1) may seek relief under paragraph (3) by…filing a complaint with the Secretary of Labor." 26 U.S.C. § 7623(d)(2).

The TFA does not define the terms "employer" or "person." However, 26 U.S.C. § 7701(a)(1) states that, "where not otherwise distinctly expressed or manifestly incompatible with the intent thereof," a "person" is defined for the purpose of Title 26 as "an individual, a trust, estate, partnership, association, company, or corporation." 26 U.S.C. § 7701(a)(1).  Additionally, there is a well-established presumption that the term "person" does not include the sovereign unless there is an "affirmative showing of statutory intent to the contrary." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780-81, 120 S. Ct. 1858, 1866-67 (2000).

As an initial matter, we conclude that Tindall's argument that the doctrine of sovereign immunity is inapplicable to the federal government and its agencies is meritless.  It is well established that sovereign immunity shields the federal government and its agencies from suit unless unequivocally waived by an act of Congress.  *Meyer,* 510 U.S. at 475, 114 S. Ct. at 1000; *Nordic Vill., Inc.,* 503 U.S. at 33-34, 112 S. Ct. at 1014-15.

Here, the ARB correctly found that Congress did not unequivocally waive sovereign immunity through the passage of the TFA.  First, the TFA does not define the term "employer," making it unclear whether Congress intended for the substantive provision

of the TFA to apply to federal agencies such as the Treasury. However, assuming *arguendo*, as the ALJ did below, that the Treasury was an "employer" under the TFA, the statute still does not unequivocally waive sovereign immunity as the enforcement provision allows complaints only against a "person." It is well-established that the term "person" does not include the sovereign unless there is an "affirmative showing of statutory intent." *Vt. Agency of Nat. Res.,* 529 U.S. at 781, 120 S. Ct. at 1866-67. In this case, as Congress did not choose to define the term for the purposes of the TFA, the general definition of "person" for Title 26 applies, which does not include the federal government or its agencies. 26 U.S.C. § 7701(a)(1). As such, we conclude that Congress did not unequivocally waive sovereign immunity through the TFA. Therefore, we deny Tindall's petition in this respect as well.

IV.

Issues not raised in an appellant's initial brief are deemed abandoned, and we will not address the issues absent extraordinary circumstances. *United States v. Campbell,* 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022).

Under the "ultra vires" exception, a suit for specific relief may be brought against an officer of the United States acting outside of the scope of his authority or in ways forbidden by the sovereign. *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689, 69 S. Ct. 1457, 1461 (1949). However, an alleged mistake in the exercise of a delegated power is insufficient; rather, relief is proper only where the officer lacked delegated power. *Id.* at 690,

69 S. Ct. at 1461. As such, an aggrieved individual must set out in his complaint the statutory limitation on which he relies. *Id.* Additionally, the "ultra vires" exception does not apply where a suit would "expend itself on the public treasury" or compel the government to act. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 1006 (1963).

Here, we conclude that the ARB correctly found that the "ultra vires" exception was inapplicable to Tindall's administrative complaint. First, as discussed above, Tindall brought his complaint against the Treasury, not an individual Treasury employee, making the exception inapplicable. Additionally, while asserting numerous abuses by offices of the Treasury and the DOL, Tindall does not argue in his initial brief that the "ultra vires" exception applied to his administrative complaint because it was brought against individual officers of the Treasury. As such, the issue is abandoned. *Campbell,* 26 F.4th at 873. Finally, even if Tindall's administrative complaint and initial brief had named an individual employee of the Treasury, he sought declaratory relief that would compel the government to act, which falls outside the scope of the "ultra vires" exception. *Dugan*, 372 U.S. at 620, 83 S. Ct. at 1006. Accordingly, we deny Tindall's petition in this respect as well.

## V.

Section 702 of the APA provides a limited waiver of sovereign immunity allowing for "judicial review" of administrative actions in "a court of the United States" where the relief sought is non-monetary. 5 U.S.C. § 702. Because neither the ALJ nor the

ARB is a "court of the United States," the ARB correctly found that the APA's waiver of sovereign immunity did not apply to Tindall's administrative proceedings. Thus, under the plain language of the statute, the waiver of sovereign immunity for judicial review is inapplicable. Therefore, we deny Tindall's petition in this respect as well.

## VI.

Absent a valid waiver of sovereign immunity, federal agencies are immune from lawsuits for First or Fifth Amendment violations. *See, e.g., Meyer,* 510 U.S. at 475, 114 S. Ct. at 1000 (absent a valid waiver of sovereign immunity, federal agencies are immune from lawsuits for due process violations under the Fifth Amendment); *McCollum v. Bolger,* 794 F.2d 602, 607-08 (11th Cir. 1986) (holding that federal employees may not sue their employers for violations of their First or Fifth Amendment rights, and dismissing claims for lack of subject-matter jurisdiction and on sovereign immunity grounds); *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir. 1982) (upholding dismissal of Fifth Amendment claims on the basis of sovereign immunity). Further, the Constitution provides no waiver of sovereign immunity for Tindall's claims. Accordingly, we deny Tindall's petition in this respect as well.

Based on the aforementioned reasons, we conclude that Tindall's arguments are meritless, and we deny his petition for review.

**PETITION FOR REVIEW DENIED.**